**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| Freedom Mortgage Corporation | CIVIL ACTION NO: |
| Plaintiff | COMPLAINT |
| vs. | RE:  VACANT PROPERTY<br>39 Denny Road, Bath, ME 04530 |
| Laurence D. Ringrose | Mortgage:<br>May 10, 2013<br>Book 3500, Page 312 |
| Defendant | |

NOW COMES the Plaintiff, Freedom Mortgage Corporation, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Laurence D. Ringrose, as follows:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs.  Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Freedom Mortgage Corporation, in which the Defendant, Laurence D. Ringrose, is the obligor and the total amount owed under the terms of the Note is One Hundred Twenty-Three

Thousand One Hundred Seventy-Five and 31/100 ($123,175.31) Dollars, plus attorney fees

and costs associated with the instant action; thus, the amount in controversy exceeds the

jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3.   Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial

portion of the events that give rise to the Plaintiff's claims transpired in Maine and the

property is located in Maine.

## PARTIES

4.   Freedom Mortgage Corporation is a corporation with its principal place of business located

at 10500 Kincaid Drive, Fishers, IN 46037.

5.   The Defendant, Laurence D. Ringrose, is a resident of Brunswick, County of Cumberland

and State of Maine.

## FACTS

6.   On March 15, 2006, by virtue of a Warranty Deed from Peter L. Chaney, which is recorded

in the Sagadahoc County Registry of Deeds in **Book 2697, Page 302**, the property situated

at 39 Denny Road, City of Bath, County of Sagadahoc, and State of Maine, was conveyed to

Laurence D. Ringrose and Donna J. Ringrose, being more particularly described by the

attached legal description.  *See* Exhibit A (a true and correct copy of the legal description is

attached hereto and incorporated herein).

7.   On May 10, 2013, Laurence D. Ringrose and Donna J. Ringrose, executed and delivered to

Freedom Mortgage Corporation a certain Note under seal in the amount of $115,701.00.

*See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated

herein).

8.  To secure said Note, on May 10, 2013, Laurence D. Ringrose and Donna J. Ringrose executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Freedom Mortgage Corporation, securing the property located at 39 Denny Road, Bath, ME 04530 which Mortgage Deed is recorded in the Sagadahoc County Registry of Deeds in **Book 3500**, **Page 312**.  *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

9.  Upon information and belief, on November 30, 2015, Donna J. Ringrose, passed away.

10. On December 10, 2020, the Defendant, Laurence D. Ringrose, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certified Mail Tracking Number (herein after referred to as the "Demand Letter").  *See* Exhibit D (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

11. The Demand Letter informed the Defendant, Laurence D. Ringrose, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter.  *See* Exhibit D.

12. The Defendant, Laurence D. Ringrose, failed to cure the default prior to the expiration of the Demand Letter.

13. The Plaintiff, Freedom Mortgage Corporation, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

14. The Plaintiff, Freedom Mortgage Corporation, is the lawful holder and owner of the Note and Mortgage.

15. The Plaintiff, Freedom Mortgage Corporation, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

16. The total debt owed under the Note and Mortgage as of March 31, 2021 is One Hundred Twenty-Three Thousand One Hundred Seventy-Five and 31/100 ($123,175.31) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $102,215.51 |
| Escrow/Impound Required | $6,772.05 |
| Accrued Interest | $8,301.11 |
| Unpaid Late Charges | $826.98 |
| Additional Items Due | $5,059.66 |
| Grand Total | $123,175.31 |

17. Upon information and belief, the Defendant, Laurence D. Ringrose, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

18. The Plaintiff, Freedom Mortgage Corporation, repeats and re-alleges paragraphs 1 through 17 as if fully set forth herein.

19. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 39 Denny Road, Bath, County of Sagadahoc, and State of Maine. *See* Exhibit A.

20. The Plaintiff, Freedom Mortgage Corporation, is the holder of the Note referenced in Paragraph 7 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).  As such,

Plaintiff, Freedom Mortgage Corporation, has the right to foreclosure and sale upon the subject property.

21. The Plaintiff, Freedom Mortgage Corporation, is the current owner and investor of the aforesaid Mortgage and Note.

22. The Defendant, Laurence D. Ringrose, is presently in default on said Mortgage and Note, having failed to make the monthly payment due November 1, 2018, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

23. The total debt owed under the Note and Mortgage as of March 31, 2021 is One Hundred Twenty-Three Thousand One Hundred Seventy-Five and 31/100 ($123,175.31) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $102,215.51 |
| Escrow/Impound Required | $6,772.05 |
| Accrued Interest | $8,301.11 |
| Unpaid Late Charges | $826.98 |
| Additional Items Due | $5,059.66 |
| Grand Total | $123,175.31 |

24. The record established through the Sagadahoc County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

25. By virtue of the Defendant, Laurence D. Ringrose's breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

26. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendant, Laurence D. Ringrose, on December 10, 2020, evidenced by the Certified Mailing Tracking Number.  *See* Exhibit D.

27. The Defendant, Laurence D. Ringrose, is not in the Military as evidenced by the attached

    Exhibit E.

## COUNT II – BREACH OF NOTE

28. The Plaintiff, Freedom Mortgage Corporation, repeats and re-alleges paragraphs 1 through

    27 as if fully set forth herein.

29. On May 10, 2013, Laurence D. Ringrose and Donna J. Ringrose, executed under seal and

    delivered to Freedom Mortgage Corporation a certain Note in the amount of $115,701.00.

    *See* Exhibit B.

30. The Defendant, Laurence D. Ringrose, is in default for failure to properly tender the

    November 1, 2018 payment and all subsequent payments. *See* Exhibit D.

31. The Plaintiff, Freedom Mortgage Corporation, is the proper holder of the Note and is

    entitled to enforce the terms and conditions of the Note due to its breach by the Defendant,

    Laurence D. Ringrose.

32. The Defendant, Laurence D. Ringrose, having failed to comply with the terms of the Note

    and Mortgage, is in breach of both the Note and the Mortgage.

33. The Defendant, Laurence D. Ringrose's breach is knowing, willful, and continuing.

34. The Defendant Laurence D. Ringrose's breach has caused Plaintiff Freedom Mortgage

    Corporation to suffer actual damages, including, but not limited to money lent, interest,

    expectancy damages, as well as attorney's fees and costs.

35. The total debt owed under the Note and Mortgage as of March 31, 2021, if no payments are

    made, is One Hundred Twenty-Three Thousand One Hundred Seventy-Five and 31/100

    ($123,175.31) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $102,215.51 |

| | |
|---|---:|
| Escrow/Impound Required | $6,772.05 |
| Accrued Interest | $8,301.11 |
| Unpaid Late Charges | $826.98 |
| Additional Items Due | $5,059.66 |
| Grand Total | $123,175.31 |

36. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

37. The Plaintiff, Freedom Mortgage Corporation, repeats and re-alleges paragraphs 1 through 36 as if fully set forth herein.

38. By executing, under seal, and delivering the Note, Laurence D. Ringrose and Donna J. Ringrose, entered into a written contract with Freedom Mortgage Corporation who agreed to loan the amount of $115,701.00 to the Defendants. *See* Exhibit B.

39. As part of this contract and transaction, Donna J. Ringrose and Laurence D. Ringrose, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

40. The Plaintiff, Freedom Mortgage Corporation, is the proper holder of the Note and successor-in-interest to Freedom Mortgage Corporation, and has performed its obligations under the Note and Mortgage.

41. The Defendant, Laurence D. Ringrose, breached the terms of the Note and Mortgage by failing to properly tender the November 1, 2018 payment and all subsequent payments. *See* Exhibit D.

42. The Plaintiff, Freedom Mortgage Corporation, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Laurence D. Ringrose.

43. The Defendant, Laurence D. Ringrose, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

44. The Defendant, Laurence D. Ringrose, is indebted to Freedom Mortgage Corporation in the sum of One Hundred Twenty-Three Thousand One Hundred Seventy-Five and 31/100 ($123,175.31) Dollars, for money lent by the Plaintiff, Freedom Mortgage Corporation, to the Defendants.

45. Defendant, Laurence D. Ringrose's breach is knowing, willful, and continuing.

46. Defendant, Laurence D. Ringrose's breach has caused Plaintiff, Freedom Mortgage Corporation, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

47. The total debt owed under the Note and Mortgage as of March 31, 2021, if no payments are made, is One Hundred Twenty-Three Thousand One Hundred Seventy-Five and 31/100 ($123,175.31) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $102,215.51 |
| Escrow/Impound Required | $6,772.05 |
| Accrued Interest | $8,301.11 |
| Unpaid Late Charges | $826.98 |
| Additional Items Due | $5,059.66 |
| Grand Total | $123,175.31 |

48. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

49. The Plaintiff, Freedom Mortgage Corporation, repeats and re-alleges paragraphs 1 through 48 as if fully set forth herein.

50. The Defendant, Laurence D. Ringrose, is in default for failure to properly tender the November 1, 2018 payment and all subsequent payments.  *See* Exhibit D.

51. As a result of the Defendant Laurence D. Ringrose's failure to perform under the terms of his obligation, the Defendant, should be required to compensate the Plaintiff, Freedom Mortgage Corporation.

52. As such, the Plaintiff, Freedom Mortgage Corporation, is entitled to relief under the doctrine of *quantum meruit.*

## COUNT V –UNJUST ENRICHMENT

53. The Plaintiff, Freedom Mortgage Corporation, repeats and re-alleges paragraphs 1 through 52 as if fully set forth herein.

54. The Defendant, Laurence D. Ringrose, have failed to repay the loan obligation.

55. As a result, the Defendant, Laurence D. Ringrose, has been unjustly enriched to the detriment of the Plaintiff, Freedom Mortgage Corporation as successor-in-interest to Freedom Mortgage Corporation by having received the aforesaid benefits and money and not repaying said benefits and money.

56. As such, the Plaintiff, Freedom Mortgage Corporation, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Freedom Mortgage Corporation, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, Freedom Mortgage Corporation, upon the expiration of the period of redemption;

c)  Find that the Defendant, Laurence D. Ringrose, is in breach of the Note by failing to make payment due as of November 1, 2018, and all subsequent payments;

d)  Find that the Defendant, Laurence D. Ringrose, is in breach of the Mortgage by failing to make payment due as of November 1, 2018, and all subsequent payments;

e)  Find that the Defendant, Laurence D. Ringrose, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f)  Find that the Defendant, Laurence D. Ringrose, is in breach of contract by failing to comply with the terms and conditions of the  Note and Mortgage by failing to make the payment due November 1, 2018 and all subsequent payments;

g)  Find that the Plaintiff, Freedom Mortgage Corporation, is entitled to enforce the terms and conditions of the Note and Mortgage;

h)  Find that by virtue of the money retained by the Defendant, Laurence D. Ringrose have been unjustly enriched at the Plaintiff's expense;

i)  Find that such unjust enrichment entitles the Plaintiff, Freedom Mortgage Corporation, to restitution;

j)  Find that the Defendant, Laurence D. Ringrose, is liable to the Plaintiff, Freedom Mortgage Corporation, for money had and received;

k)  Find that the Defendant, Laurence D. Ringrose, is liable to the Plaintiff for quantum meruit;

l)  Find that the Defendant, Laurence D. Ringrose, has appreciated and retained the benefit of the Mortgage and the subject property;

m)  Find that it would be inequitable for the Defendant, Laurence D. Ringrose, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n)  Find that the Plaintiff, Freedom Mortgage Corporation, is entitled to restitution for this benefit from the Defendant, Laurence D. Ringrose;

o)  Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p)  Additionally, issue a money judgment against the Defendant, Laurence D. Ringrose, and in favor of the Plaintiff, Freedom Mortgage Corporation, in the amount of One Hundred Twenty-Three Thousand One Hundred Seventy-Five and 31/100 ($123,175.31 Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q)  For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
Freedom Mortgage Corporation,
By its attorneys,

Dated: April 5, 2021

/s/ John A. Doonan, Esq.
/s/ Reneau J. Longoria, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com